Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
　　　Telephone: (213) 894-5410
　　　Facsimile:  (213) 894-2064
orlov.boris@dol.gov

JS-6

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>　Secretary of Labor,<br>　United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**CARLOS ALBERTO ESCOBAR,** Individu-<br>ally and as Managing Agent of Blue Shield LA<br>Protection, Inc.<br><br>　　　　Defendant. | Case No. CV12-07683 DDP (PLAx)<br><br><br>**CONSENT JUDGMENT** |

　　　Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") and Defendant CARLOS ALBERTO ESCOBAR, individually and as managing agent of Blue Shield LA Protection, Inc., ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

**Consent Judgment**　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 10

A.     The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15 (a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.     Defendant acknowledges receipt of a copy of the Secretary's Complaint.

C.     Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D.     The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.     Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F.     Defendant understands and agrees that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, Carlos Alberto Escobar, his officers, agents, servants, and employees and those persons in active concert or participation with him who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections   15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1.   Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40

hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2.   Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.   Defendant shall not continue to withhold the payment of $77,852.89, the unpaid balance of $94,852.89 in overtime pay and interest hereby found to be due under the FLSA to 60 employees for the period from November 21, 2009 through November 21, 2011, as a result of their employment by the defendant.  The attached Exhibit 1 shows the name of each employee, period of employment and gross backwage amount due to each employee.

4.   Pursuant to the immediately preceding paragraph, defendant shall not fail to deliver to the Secretary's authorized representatives at

> U.S. Department of Labor
> Wage and Hour Division
> 100 North Barranca Ave., Suite 850
> West Covina, California 91791

A.   On or before September 4, 2012, a schedule bearing the Firm name, address and employer identification number, and showing the name, last known home address, and social security number for each person listed in the attached Exhibit 1.

B.   Defendant shall make the payments set forth on the attached Exhibit 2.  Each payment shall be made by a certified, or cashier's check or money order and includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full.  Each payment shall have the Firm name and "BWs + Int." written on each, payable to

the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

C.  In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendant then known to the Secretary.

D.  The Secretary shall allocate and distribute the funds described in paragraph 3 less deductions for employees' share of social security and withholding taxes to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

5.  Defendant, his officers, agents, servants, and employees and those persons in active concert or participation with him, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit 1.  Defendant shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.

6.  Defendant, his officers, agents, servants, and employees and those persons in active concert or participation with him, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA

1    § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor

2    as to any employee named on the attached Exhibit 1 for any period not specified therein;

3    and, it is further

4            ORDERED that each party shall bear its own fees and other expenses incurred by

5    such party in connection with any stage of this proceeding, including but not limited to

6    attorneys' fees, which may be available under the Equal Access to Justice Act, as

7    amended; and, it is further

8            ORDERED that this Court shall retain jurisdiction of this action for purposes of

9    enforcing compliance with the terms of this Consent Judgment.

13   Dated: October 01, 2012

                                        U.S. DISTRICT JUDGE

1  For the Defendant:

2

3  Each defendant hereby appears, waives any
   defense herein, consents to the entry of

4  this Judgment, and waives notice by the
   Clerk of Court:

5

6

7  _____            08-27-2012
                                          _____
   Carlos Alberto Escobar                 Date

8

9

10

11

12

13  For the plaintiff:

14
    M. PATRICIA SMITH,
15  Solicitor of Labor

16
    JANET M. HEROLD
17  Regional Solicitor

18
    DANIEL J. CHASEK
19  Associate Regional Solicitor

20

21  _____            8-31-2012
                                           _____
22  BORIS ORLOV, Attorney                  Date

23  Attorneys for the Plaintiff
    U.S. Department of Labor

24

25

26

27

28


**Consent Judgment**                                      Page 6 of 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

| | First Name | Last Name | Back Wages Due | Interest Due | TOTAL | Period Covered | |
|---|---|---|---|---|---|---|---|
| 1 | ANTONIO | ALDRETE | $282.56 | $3.00 | $285.56 | 2/28/2010 | 10/15/2011 |
| 2 | LUIS | ALONSO | $109.31 | $1.16 | $110.47 | 6/15/2011 | 11/15/2011 |
| 3 | PASCUAL | ALONZO | $252.62 | $2.68 | $255.30 | 7/15/2011 | 7/31/2011 |
| 4 | ADOLFO | ARROYO | $132.00 | $1.40 | $133.40 | 12/31/2010 | 1/31/2011 |
| 5 | JOSE | BAUTISTA | $1,651.03 | $17.53 | $1,668.56 | 12/1/2009 | 5/15/2011 |
| 6 | GERONIMO | CALLEJAS | $884.81 | $9.40 | $894.21 | 12/1/2009 | 10/15/2011 |
| 7 | LUIS | CASTILLO | $17,500.31 | $185.85 | $17,686.16 | 1/15/2010 | 11/15/2011 |
| 8 | RAUL | CEJA | $99.00 | $1.05 | $100.05 | 7/15/2010 | 7/31/2010 |
| 9 | JUAN | DE LA CRUZ | $3,896.06 | $41.38 | $3,937.44 | 12/1/2009 | 10/31/2011 |
| 10 | MARVIN | DIAZ | $492.94 | $5.24 | $498.18 | 1/15/2010 | 10/31/2011 |
| 11 | REYNALDO | DIAZ | $165.00 | $1.75 | $166.75 | 1/15/2010 | 2/28/2010 |
| 12 | LEONARDO | DOMINGUEZ | $2,520.38 | $26.77 | $2,547.15 | 7/1/2010 | 11/15/2011 |
| 13 | CARLOS | DURAN | $208.31 | $2.21 | $210.52 | 1/15/2010 | 6/15/2010 |
| 14 | JESUS | FAVELA | $606.38 | $6.44 | $612.82 | 8/1/2010 | 1/31/2011 |
| 15 | DIEGO | FLORES | $389.81 | $4.14 | $393.95 | 1/15/2010 | 7/31/2010 |
| 16 | JUAN | FLORES | $805.41 | $8.55 | $813.96 | 11/1/2010 | 10/31/2011 |
| 17 | NORBERTO | FLORES | $22.69 | $0.24 | $22.93 | 12/15/2010 | 1/15/2011 |
| 18 | BERNARDO | FUENTES | $1,070.44 | $11.37 | $1,081.81 | 12/15/2010 | 11/15/2011 |
| 19 | JOSE | GALVAN | $74.25 | $0.79 | $75.04 | 7/15/2011 | 10/31/2011 |
| 20 | JAZZIEL | GARCIA | $127.88 | $1.36 | $129.24 | 9/1/2010 | 9/30/2011 |
| 21 | KAEL | GARCIA | $315.56 | $3.35 | $318.91 | 9/1/2011 | 11/15/2011 |
| 22 | JAIME | GUZMAN | $926.06 | $9.83 | $935.89 | 1/15/2010 | 10/31/2011 |
| 23 | LUIS | GUZMAN | $6,348.38 | $67.42 | $6,415.80 | 4/1/2010 | 11/15/2011 |
| 24 | JUAN | HERNANDEZ | $6,053.44 | $64.29 | $6,117.73 | 1/15/2010 | 11/15/2011 |
| 25 | MARIO | HERRERA | $726.00 | $7.71 | $733.71 | 5/1/2010 | 7/31/2010 |
| 26 | LEOBERDO | LOPEZ | $53.63 | $0.57 | $54.20 | 7/15/2010 | 7/31/2010 |
| 27 | ANDRE | LUERA | $189.75 | $2.02 | $191.77 | 1/15/2010 | 9/15/2010 |
| 28 | GABRIEL | LUERA | $1,460.25 | $15.51 | $1,475.76 | 1/15/2010 | 5/31/2011 |
| 29 | LUIS | LUIS | $4,316.81 | $45.84 | $4,362.65 | 12/1/2009 | 12/15/2010 |
| 30 | JOSE | M L | $5,535.75 | $58.79 | $5,594.54 | 12/1/2009 | 11/15/2011 |
| 31 | ENRIQUE | MACIAL | $121.69 | $1.29 | $122.98 | 10/16/2011 | 10/31/2011 |
| 32 | DANIEL | MARIN | $548.63 | $5.83 | $554.46 | 3/31/2010 | 6/30/2010 |
| 33 | DAVID | MARTINEZ | $191.81 | $2.04 | $193.85 | 4/15/2010 | 9/30/2010 |
| 34 | ROBERTO | MARTINEZ | $7,600.31 | $80.72 | $7,681.03 | 12/15/2009 | 11/15/2011 |
| 35 | RUBEN | MARTINEZ | $70.13 | $0.74 | $70.87 | 7/15/2011 | 8/15/2011 |
| 36 | MAURILLIO | MAURILLIO | $4,785.00 | $50.82 | $4,835.82 | 12/1/2009 | 11/15/2011 |
| 37 | RAMIRO | MAZARIEGOS | $344.44 | $3.66 | $348.10 | 10/1/2011 | 11/15/2011 |
| 38 | MARIO | MEJIA | $1,447.88 | $15.38 | $1,463.26 | 6/1/2010 | 11/15/2011 |

**Consent Judgment**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 39 | OSCAR | MIRANDA | $187.69 | $1.99 | $189.68 | 6/1/2011 | 10/31/2011 |
| 40 | JOSE | PADILLA | $52.59 | $0.56 | $53.15 | 5/15/2011 | 5/30/2011 |
| 41 | MANUEL | PADILLA | $132.00 | $1.40 | $133.40 | 12/1/2009 | 12/15/2009 |
| 42 | JOSE | PERALTA | $297.00 | $3.15 | $300.15 | 1/15/2010 | 4/30/2011 |
| 43 | HUGO | PEREZ | $462.00 | $4.91 | $466.91 | 1/1/2010 | 6/15/2011 |
| 44 | ISAIAS | PEREZ | $3,284.53 | $34.88 | $3,319.41 | 12/1/2009 | 11/15/2011 |
| 45 | RAFAEL | PINEDA | $2,658.56 | $28.23 | $2,686.79 | 12/15/2009 | 11/15/2011 |
| 46 | RUBEN | PINEDO | $2,974.13 | $31.59 | $3,005.72 | 5/15/2010 | 10/31/2011 |
| 47 | JOSE | QUEZADA | $321.75 | $3.42 | $325.17 | 11/15/2010 | 5/15/2011 |
| 48 | SNYNOR | RAMIREZ | $63.94 | $0.68 | $64.62 | 8/1/2010 | 11/15/2010 |
| 49 | FERNANDO | RINCON | $847.69 | $9.00 | $856.69 | 1/31/2010 | 11/15/2011 |
| 50 | FERNANDO | RIVAS | $45.38 | $0.48 | $45.86 | 4/16/2010 | 4/30/2010 |
| 51 | HUGO | ROJAS | $66.00 | $0.70 | $66.70 | 7/1/2010 | 7/15/2010 |
| 52 | HUMBERTO | SALCEDO | $8,773.88 | $93.18 | $8,867.06 | 12/15/2009 | 11/15/2011 |
| 53 | GERMAN | SANTIAGO | $66.00 | $0.70 | $66.70 | 4/30/2011 | 5/15/2011 |
| 54 | SEGUNDO | SIRIAS | $57.75 | $0.61 | $58.36 | 2/15/2011 | 4/30/2011 |
| 55 | OSCAR | TOMAYO | $122.72 | $1.30 | $124.02 | 5/15/2011 | 11/15/2011 |
| 56 | MARCELINO | UMANA | $288.75 | $3.07 | $291.82 | 1/15/2010 | 10/15/2011 |
| 57 | MARIO | URENA | $144.38 | $1.53 | $145.91 | 10/1/2011 | 10/31/2011 |
| 58 | ROGER | VELASCO | $400.13 | $4.25 | $404.38 | 9/15/2011 | 10/31/2011 |
| 59 | VICTOR | VILLALBA | $123.75 | $1.31 | $125.06 | 9/15/2010 | 9/30/2010 |
| 60 | MARCELINO | ZUNIGA | $158.81 | $1.69 | $160.50 | 1/15/2010 | 5/31/2010 |
| | | | $93,856.14 | $996.75 | $94,852.89 | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 2**

| Payment No. | Date Due | Back Wages | Interest | Total Payment Due |
|:---:|:---:|:---:|:---:|:---:|
| 1 | 09/04/2012 | $2,531.05 | $64.05 | $2,595.10 |
| 2 | 10/04/2012 | $2,533.16 | $61.94 | $2,595.10 |
| 3 | 11/04/2012 | $2,535.27 | $59.83 | $2,595.10 |
| 4 | 12/04/2012 | $2,537.39 | $57.71 | $2,595.10 |
| 5 | 01/04/2013 | $2,539.50 | $55.60 | $2,595.10 |
| 6 | 02/04/2013 | $2,541.62 | $53.48 | $2,595.10 |
| 7 | 03/04/2013 | $2,543.73 | $51.37 | $2,595.10 |
| 8 | 04/04/2013 | $2,545.85 | $49.25 | $2,595.10 |
| 9 | 05/04/2013 | $2,547.98 | $47.12 | $2,595.10 |
| 10 | 06/04/2013 | $2,550.10 | $45.00 | $2,595.10 |
| 11 | 07/04/2013 | $2,552.22 | $42.88 | $2,595.10 |
| 12 | 08/04/2013 | $2,554.35 | $40.75 | $2,595.10 |
| 13 | 09/04/2013 | $2,556.48 | $38.62 | $2,595.10 |
| 14 | 10/04/2013 | $2,558.61 | $36.49 | $2,595.10 |
| 15 | 11/04/2013 | $2,560.74 | $34.36 | $2,595.10 |
| 16 | 12/04/2013 | $2,562.88 | $32.22 | $2,595.10 |
| 17 | 01/04/2014 | $2,565.01 | $30.09 | $2,595.10 |
| 18 | 02/04/2014 | $2,567.15 | $27.95 | $2,595.10 |
| 19 | 03/04/2014 | $2,569.29 | $25.81 | $2,595.10 |
| 20 | 04/04/2014 | $2,571.43 | $23.67 | $2,595.10 |
| 21 | 05/04/2014 | $2,573.57 | $21.53 | $2,595.10 |
| 22 | 06/04/2014 | $2,575.72 | $19.38 | $2,595.10 |
| 23 | 07/04/2014 | $2,577.86 | $17.24 | $2,595.10 |

| 24 | 08/04/2014 | $2,580.01 | $15.09 | $2,595.10 |
|---|---|---|---|---|
| 25 | 09/04/2014 | $2,582.16 | $12.94 | $2,595.10 |
| 26 | 10/04/2014 | $2,584.31 | $10.79 | $2,595.10 |
| 27 | 11/04/2014 | $2,586.47 | $8.63 | $2,595.10 |
| 28 | 12/04/2014 | $2,588.62 | $6.48 | $2,595.10 |
| 29 | 01/04/2015 | $2,590.78 | $4.32 | $2,595.10 |
| 30 | 02/04/2015 | $2,592.83 | $2.16 | $2,594.99 |
| **Total** | | **$76,856.14** | **$996.75** | **$77,852.89** |

**Consent Judgment**